IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT FITSIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:10-CV-01262-DGK |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION substituted for Tier One | ) | |
| Bank, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS

This case arises from the lending relationship between Plaintiff, Scott Fitsimmons, and former defendant, Tier One Bank ("Tier One"). After a series of negotiations Tier One and Plaintiff agreed to settle a dispute regarding the default of the Plaintiff's mortgage. In December 2007, Plaintiff filed suit in State court alleging breach of the settlement agreements by Tier One. While that case was in progress, the Office of Thrift Supervision closed Tier One and Defendant, the Federal Deposit Insurance Corporation ("FDIC"), was named Receiver. Consequently Plaintiff filed a Proof of Claim form with the FDIC regarding his breach of settlement agreement claims. In September 2010, the FDIC sent a letter rejecting the claim. Plaintiff then substituted Defendant, FDIC, for Tier One in the current action.

Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. 6), Plaintiff's Response (doc. 12), and Defendant's Reply (doc. 13). Defendant argues that the Court lacks subject matter jurisdiction because the Plaintiff failed to exhaust his administrative procedures before bringing suit as required under the Financial Institution Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821. Defendant

claims that the Plaintiff failed to provide the Defendant with sufficient proof of his claim and therefore did not satisfy the administrative exhaustion requirement. Plaintiff argues that the Defendant denied his claims, allowing him to proceed with the current suit.

## **Discussion**

Claimants are barred from filing an action in court against the FDIC in connection with its role as receiver, with some exceptions. § 1821(d)(13)(D). One of these exceptions allows a claimant to file an action in court after the claimant first presents his claims "together with proof, to the receiver," § 1821(d)(3)(B)(i), and completes the administrative review process prior to the filing of the action. *Tri-State Hotels, Inc. v. FDIC*, 79 F.3d 707, 712 (8th Cir. 1996). Both the statute and the existing case law are largely silent on what qualifies as "proof." While a few district courts have interpreted the proof requirement,[1] none of these decisions arise out of facts analogous to the current case. The statute is clear, however, that after the receiver responds to the presentment of a claim with a notice of disallowance, the claimant has the right to file or continue an action regarding his claim in a district court. § 1821(d)(6)(A).

In the present case the Plaintiff filed his claim with the Defendant within the required time period. The Plaintiff sent the Defendant a Proof of Claim form specifying the amount of the claim and attached a copy of the petition that he had filed in state court against Tier One. On the

---

[1] *See Hachikian v. FDIC*, 914 F. Supp. 14 (D. Mass. 1996) (holding that claimant's letter should have alerted the FDIC of the existence of the claim and was therefore sufficient proof); *W.W. Development & Mgmt. Co. v. Resolution Trust Corp.*, Civ. A. No. 93-4210, 1994 WL 376921 (E.D. Pa. July 15, 1994) (holding that failing to provide a Tax Identification Number as requested on the Proof of Claim form is not dispositive on the issue of proof); *Brown Leasing Co. v. FDIC*, 833 F. Supp. 672 (N.D. Ill. 1993) (holding that because the administrative claim filed was for enforcement of an oral agreement, the FDIC was not adequately notified of the claims of conversion and breach of a different contract and therefore dismissal was proper); *Branch v. FDIC*, 833 F.Supp. 56, 60 (D. Mass. 1993) (stating that the appropriate test for satisfactory claim presentment is "whether [the claimant's] administrative claims provided the particular FDIC receiverships with adequate notice of the challenged claims and with sufficient information and detail about the claims to enable the FDIC expeditiously and fairly to allow or disallow the claims"); *Deera Homes, Inc. v. Metrobank for Sav., FSB*, 812 F. Supp. 375 (E.D.N.Y. 1993) (holding that failure to file *any* proof of a claim is grounds for dismissal); and *Capital Data Corp. v. Capital Nat'l Bank*, 778 F. Supp. 669 (S.D.N.Y. 1991) (holding that a letter without a claim amount, basis of the claim, requisite notarization, or supporting documents is not sufficient proof).

form the Plaintiff referred to the petition as the description of the claim. Defendant responded with a letter disallowing the Plaintiff's claim, explaining in bold and capital typeface that the Plaintiff's only option for appeal of the decision was to file a lawsuit in a U.S. District Court, expressly referring to § 1821(d)(6). Subsequent to the letter, the Plaintiff filed the current action with this Court.

Although the Defendant cannot waive the requirements of § 1821, the Defendant made a decision on the Plaintiff's claim by denying it outright. Plaintiff submitted the required documentation, the Proof of Claim form with an attachment specifying the legal and factual bases of his claims, and the Defendant's response was a denial of the claim. The Defendant did not ask for more evidence as it has done in the past when replying to claims lacking sufficient proof. *See Cipponeri v. FDIC*, No. CIV-F-09-0688 AWI DLB, 2010 WL 2573994, at *1 (E.D. Cal. June 24, 2010). Therefore, by sending the September denial letter, the Defendant disallowed the claim pursuant to § 1821(d)(5)(A)(i), and the conditions outlined in § 1821(d)(6)(A) for bringing suit in this court were satisfied.

Consequently, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. 6) is DENIED.

**IT IS SO ORDERED.**

Date:   June 30, 2011                                  /s/ Greg Kays
                                                       GREG KAYS, JUDGE
                                                       UNITED STATES DISTRICT COURT

3